# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **STEPHANIE ARBLE** | : | CASE NO 5:24-cv-1965 |
| 863 Sarcee Ave | : | |
| Akron, Ohio 44305 | : | JUDGE |
| | : | |
| Plaintiff, | : | **Jury Endorsement Contained Hereon** |
| | : | |
| vs. | : | |
| | : | |
| **THE EAST OHIO GAS COMPANY** | : | |
| **d/b/a DOMINION ENERGY OHIO** | : | |
| 2100 Eastwood Ave | : | |
| Akron, OH 44305 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

NOW COMES Plaintiff Stephanie Arble ("Plaintiff") and proffers this Complaint for damages against Defendant Dominion Energy ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to 29 U.S.C. §201, *et seq.*, the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq*. ("ADA"), 29 U.S.C. 2601, *et seq*. ("FMLA"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq*. ("ADEA"), the Ohio Laws of Discrimination, R.C. Chapter 4112 ("Chapter 4112").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Northern District of Ohio and

performed her job duties there and Defendant is doing and has done substantial business in the Northern District of Ohio.

4. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of her Right to Sue letter from the Equal Employment Opportunity Commission, a copy of which is attached hereto as "Exhibit A".

## THE PARTIES

5. Plaintiff Stephanie Arble is an individual, a United States citizen, and a resident of the state of Ohio. Ms. Arble resides in Summit County, Ohio.

6. Defendant Dominion Energy is a corporation registered to do business in Ohio and conducts business in the Northern District of Ohio.

7. Defendant is an "employer" as defined by the ADA, FMLA, ADEA, and R.C. 4112.

8. Plaintiff is an "employee" as defined by the ADA, FMLA, ADEA, and R.C. 4112.

## FACTUAL BACKGROUND

9. Plaintiff was hired by Defendant in or around April of 2008 as a Customer Relations Representative.

10. Plaintiff performed well in her long tenure with Defendant, and her performance and disciplinary record is devoid of any significant concerns.

11. Plaintiff was born on January 11, 1965, and at all relevant times herein, Plaintiff was over 40 years old.

12. She routinely received raises and favorable performance evaluations.

13. In January 2023, Plaintiff was diagnosed with breast cancer, and she apprised her managers of her diagnosis.

14. Plaintiff utilized FMLA leave through July of 2023. Medical leave for cancer surgeries and recovery was approved by both the company and the union and is available to all employees who qualify and require it.

15. After complications from her surgery, she returned to work on June 19, 2023.

16. In August 2023, Defendant asked her to work on hybrid schedule instead of her fully remote position, which she had been working in for years.

17. On August 31, 2023, Plaintiff emailed an HR representative, Denise Falgout, seeking permission to continue working from home "as a reasonable accommodation under the Americans with Disabilities Act."

18. Plaintiff provided a note from her doctor, which indicated that Plaintiff should be permitted to continue working from home because of pain, mobility, balancing issues, and frequent bathroom breaks related to her illness and surgery.

19. Plaintiff was confused by the request to come into the office not only because of the medical documentation she provided, but because employee schedules are created based on seniority. With this, the employees with the most seniority have more flexibility in their bid schedule and can work remotely full-time.

20. Plaintiff qualified as an employee with seniority since she was employed with Defendant since April 2008. Plaintiff was struggling with Defendant's request, which led her to seek assistance from the union.

21. On September 3, Plaintiff's Union Representative, Rick Higinbotham, informed her that while her accommodation was being reviewed, she could remain fully remote.

22. Despite being advised by Mr. Higinbotham and having medical documentation of her restrictions, Plaintiff was sent conflicting information on September 11, 2023. Plaintiff was threatened by her Manager, Ruth Rachel Przybojewski, that if she did not come into the office, it would be seen as insubordination.

23. In this same week, on September 13, 2023, HR Representative, Denise Falgout, informed Plaintiff that they had spoken to her medical personnel team about her accommodations. But Plaintiff then contacted her medical team and was told that no such communications occurred.

24. On September 14, 2023, Plaintiff had an investigative meeting to discuss this accommodation request further.

25. On September 19, 2023, Plaintiff was requested to join in a last-minute meeting.

26. Plaintiff was terminated by Ms. Przybojewski for alleged insubordination and performance concerns.

27. Defendant failed to engage in the interactive process.

28. Plaintiff was blindsided by the termination as her disciplinary record over the past 15 years has been devoid of any significant concerns, especially those related to her performance.

29. Additionally, no examples of performance concerns or insubordination events were provided to her.

30. Ms. Przybojewsk expressed that she wanted to hire "recent college grads" to fill the necessary positions.

31. Defendant hired roughly 20 employees in the same or similar position as Plaintiff around the time of Plaintiff's termination.

4

32. Most, if not all, of those newly hired employees were younger or significantly younger than Plaintiff.

## COUNT I
**Disability Discrimination – Americans with Disabilities Act**

33. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

34. This claim is brought under federal law, pursuant to 42 U.S.C. § 12101, *et seq.*, and as defined in 42 U.S.C. § 12101.

35. Plaintiff is an otherwise qualified individual with a disability.

36. Defendant knew or had reason to know Plaintiff suffered from a disability or regarded her as disabled.

37. Defendant was aware of the difficulties suffered by Plaintiff as a result of her disability.

38. Defendant discriminated against Plaintiff because of her disability by taking the following non-exhaustive list of actions: terminating her employment, retaliating against her for taking medical leave, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

39. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

40. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorneys' fees and costs.

## COUNT II
### Disability Discrimination – R.C. 4112

41. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

42. At all times material herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

43. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. §4112.01(A)(13) of the Ohio Revised Code.

44. Defendant knew Plaintiff was disabled and/or regarded her as disabled.

45. Defendant was aware of the difficulties suffered by Plaintiff as a result of her disability because she discussed her disability with Defendant and requested accommodations for her disabilities.

46. Defendant discriminated against Plaintiff because of her disability by taking the following non-exhaustive list of actions: terminating her employment because of her medical condition, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

47. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

48. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT III
**Failure to Accommodate – Americans with Disabilities Act**

49. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

50. At all times material herein, Plaintiff was disabled, or regarded as being disabled, as defined in 42 U.S.C. §12102.

51. Defendant knew or had reason to know that Plaintiff suffered from a disability or regarded her as disabled.

52. Plaintiff was an otherwise qualified individual with a disability.

53. Plaintiff requested a reasonable accommodation for her disability when she requested to work from home.

54. Defendant violated the ADA by failing to accommodate Plaintiff's disability when it terminated her and refused to grant her accommodation request.

55. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

56. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT IV
**Failure to Accommodate – R.C. § 4112.02**

57. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

58. At all times herein, Plaintiff suffered from an impairment within the meaning of R.C. § 4112.01.

59. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. § 4112.01.

60. Defendant knew or had reason to know Plaintiff suffered from a disability or regarded her as disabled.

61. Plaintiff requested a reasonable accommodation for her disability when she requested to work from home.

62. Defendants violated R.C. §4112.02 by failing to accommodate Plaintiff's disability when it terminated her and refused to grant her accommodation request.

63. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, conditions and privileges of employment for which Defendant is liable.

64. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT VI
### Retaliation – Americans with Disabilities Act

65. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

66. Plaintiff engaged in a protected activity by requesting medical leave and requesting to work from home as a reasonable accommodation for her disabilities.

67. Defendant knew Plaintiff engaged in a protected activity because Plaintiff made her accommodations requests to her supervisor and HR.

68. Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating her employment, retaliating against her, refusing her reasonable accommodations, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

69. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

70. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT VII
### Retaliation – R.C. §4112.02

71. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

72. Plaintiff engaged in a protected activity by requesting medical leave and requesting to work from home as a reasonable accommodation for her disabilities.

73. Defendant knew Plaintiff engaged in a protected activity because Plaintiff made her accommodations requests to her supervisor and HR.

74. Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating her employment, retaliating against her, refusing her reasonable accommodations, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

75. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

76. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT VIII
### Age Discrimination – Age Discrimination in Employment Act

77. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

78. This claim is brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, et seq., and as amended, for employment discrimination based on age.

79. Plaintiff was born on January 11, 1965 and, at all times relevant hereto, was over 40 years of age, and therefore a member of a protected group.

80. At all times relevant herein, Plaintiff was qualified for her position.

81. Defendant discriminated against Plaintiff because of her age by terminating Plaintiff and replacing her with significantly younger employees.

82. Defendant discriminated against Plaintiff on the basis of age by treating her less favorably than other younger employees in the terms and conditions of employment, in violation of the ADEA.

83. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer lost wages and fringe benefits.

84. Defendant willfully discriminated against Plaintiff, in that Defendant knew or showed reckless disregard for the fact that its conduct was prohibited by the ADEA.

85. Defendant discriminated against Plaintiff on the basis of her age when it terminated her, treating Plaintiff less favorably than employees outside the protected group, in violation of the ADEA, entitling Plaintiff to the remedies contained therein, including but not limited to back pay, front pay, lost benefits, liquidated damages, and attorneys' fees and costs.

## COUNT IX
### Age Discrimination – R.C. 4112

86. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

87. Plaintiff was born on January 11, 1965 and, at all times relevant hereto, was over 40 years of age, and therefore a member of a protected group.

88. At all times relevant herein, Plaintiff was qualified for her position.

89. Defendant discriminated against Plaintiff on the basis of her age by terminating Plaintiff and replacing her with significantly younger employees.

90. Defendant discriminated against Plaintiff on the basis of age by treating her less favorably than other younger employees in the terms and conditions of employment, in violation of Chapter 4112.02 of the Ohio Revised Code.

91. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer lost wages and fringe benefits.

92. As a direct and proximate result of Defendant's conduct, Plaintiff suffered financial and emotional harm including shame, humiliation, embarrassment, and mental anguish.

93. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for all legal damages, including back pay, front pay, lost benefits, emotional distress, compensatory damages, attorneys' fees, costs and other relief available under Ohio Revised Code Chapter 4112, including, but not limited to punitive damages.

## COUNT X
### Interference – Violation of the Family Medical Leave Act

94. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as fully rewritten herein.

95. Plaintiff was entitled to FMLA leave, as she worked for Defendant for fifteen years before requiring FMLA leave for her serious medical condition.

96. Defendant was aware that Plaintiff suffered from a serious medical condition that qualified her for FMLA leave because Plaintiff notified Defendant of her serious medical condition requiring FMLA.

97. She was approved for FMLA and utilized FMLA leave.

98. Defendant interfered with the Plaintiff's FMLA rights by discouraging Plaintiff from taking FMLA leave and denying her entitlement under the FMLA.

99. Defendant lacked good faith and/or reasonable grounds to believe it had not violated the FMLA in its treatment of Plaintiff.

100. Defendant's violations of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

## COUNT XI
### Retaliation- Violation of the Family Medical Leave Act

101. Plaintiff reasserts and reincorporates each allegation contained in the paragraphs above as if fully rewritten here.

102. Plaintiff attempted to exercise her rights under the FMLA by notifying Defendant of her serious medical condition.

103. Plaintiff had been employed by the Defendant for over a year and had acquired the hours necessary for her to be eligible for FMLA leave.

104. Plaintiff suffered an adverse employment action when Defendant was terminated just three months after returning from FMLA leave.

105. Defendant's actions were directly related to Plaintiff's need for leave due to her serious medical condition.

106. Defendant lacked good faith and/or reasonable grounds to believe it had not violated the FMLA in its treatment of Plaintiff.

107. Defendant's violations of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits,

statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Dominick Kocak*
Dominick Kocak (0102165)
Rachel Sabo Friedmann (0089226)
(*Dominick@thefriedmannfirm.com*)
(*Rachel@thefriedmannfirm.com*)
**The Friedmann Firm LLC**
3740 Ridge Mill Dr.
Hilliard, OH 43026
614-897-0715 (Phone)
614-737-9812 (Fax)

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Dominick Kocak*
Dominick Kocak (0102165)